[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in the Bronx, N.Y., on April 20, 1968. They have three children, issue of the marriage: Matthew, born July 8, 1973; Megan, born April 23, 1977; and Lauren, born January 4, 1984. The marriage has broken down irretrievably, with no hope of reconciliation. It is dissolved.
The plaintiff testified that they argued about money constantly as she felt there never was enough. Then, after the defendant started a new job in New York City, she came to believe that something was wrong and that the defendant must be involved with a woman. However, the defendant denied all her accusations in that regard.
The defendant testified that the plaintiff always was concerned about the amount of money they were spending, that the arguments about money were loud and abusive, that his relationship with the plaintiff's family was very poor, and that they had problems about sex.
The defendant began a sexual relationship with his assistant in the new job in New York and continued it on trips that he made with her on company business. He finally admitted this situation to the plaintiff and then moved out of the family house on January 22, 1990. The Court finds that this was the point when the marriage broke down. Prior to that the defendant had lied to the plaintiff about his relationship with the woman but this was done in the hope that somehow the marriage could get back to what it had been originally. If the marriage had broken down completely prior to his lying, there would have been no point in his doing so.
The plaintiff stated on cross examination that she assumed they both contributed to the breakdown.
The Court finds that the actions of both parties caused the breakdown, but that the defendant's actions were the major cause of it.
The family home at 77 Lori Drive in Milford shall CT Page 531 be sold as soon as possible and the net proceeds shall be divided two-thirds to the plaintiff and one-third to the defendant.
Custody of the two youngest children, Megan and Lauren, is awarded jointly to the parties, they shall live with the plaintiff and the defendant shall have rights of reasonable visitation with them.
Sole custody of the minor child Matthew is awarded to the defendant and the plaintiff shall have rights of reasonable visitation with him.
The defendant shall pay support for the children, Megan and Lauren, in the amount of $200 per week per child.
The plaintiff is awarded alimony of $150 per week for 12 years.
The defendant shall provide medical insurance for the minor children and the parties shall divide equally any unreimbursed expenses.
The defendant shall provide $25,000 life insurance with the children as beneficiaries thereof.
The defendant shall pay one-half of the fee of the plaintiff's attorney.
The Court understands that the personal property asked for by the defendant has already been given to him by the plaintiff.
The defendant may claim the children as dependents on his federal income tax return.
THOMAS J. O'SULLIVAN TRIAL REFEREE